```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                              CASE NO.
```
# 09-61627-CIV-ZLOCH/ROSENBAUM

JOHN D. BRYANT,

    Plaintiff,

v.

PROFESSIONAL RECOVERY SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, JOHN D. BRYANT, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, PROFESSIONAL RECOVERY SERVICES, INC., is a corporation and citizen of the State of New Jersey with its principal place of business at Suite 160, Voorhees, New Jersey 08043.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

September 15, 2008 – Pre-recorded Message
66-464-1013.

September 23, 2008 – Pre-recorded Message
66-464-1013.

October 3, 2008 – Pre-recorded Message
66-464-1013.

2

<u>October 7, 2008 – Pre-recorded Message</u>
66-464-1013.

<u>October 10, 2008 – Pre-recorded Message</u>
66-464-1013.

<u>October 14, 2008 – Pre-recorded Message</u>
66-464-1013.

<u>October 17, 2008, Call Number 1 – Pre-recorded Message</u>
66-464-1013.

<u>October 17, 2008, Call Number 2 – Pre-recorded Message</u>
This message is for John Bryant Sr. My name is Ms. Hart from PRS. Please return my call to 866-302-1102. Again, the number is 866-302-1102.

<u>October 22, 2008 – Pre-recorded Message</u>
66-464-1013.

<u>October 27, 2008, Call Number One – Pre-recorded Message</u>
This message is for John Bryant Sr. My name is Ms. Walton from PRS. Please return my call to 866-464-1013. Again, the number is 866-464-1013.

<u>October 27, 2008, Call Number Two – Pre-recorded Message</u>
Sr. My name is Ms. Walton from PRS. Please return my call to 866-464-1013. Again, the number is 866-464-1013.

<u>October 29, 2008 – Pre-recorded Message</u>
This message is for John Bryant Sr. My name is Ms. Hart from PRS. Please return my call to 866-302-1102. Again, the number is 866-302-1102.

<u>November 3, 2008, Call Number One – Pre-recorded Message</u>
This message is for John Bryant Sr. My name is Ms. Hart from PRS. Please return my call to 866-302-1102. Again, the number is 866-302-1102.

<u>November 3, 2008, Call Number Two – Pre-recorded Message</u>
This message is for John Bryant Sr. My name is Ms. Hart from PRS. Please return my call to 866-302-1102. Again, the number is 866-302-1102.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14. Plaintiff incorporates Paragraphs 1 through 13.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16.	Plaintiff incorporates Paragraphs 1 through 13.

17.	Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

	a.	Damages;

	b.	Attorney's fees, litigation expenses and costs of suit; and

	c.	Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

18.	Plaintiff incorporates Paragraphs 1 through 13.

19.	Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

5

§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20. Plaintiff incorporates Paragraphs 1 through 13.

21. By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## DECLARATORY AND INJUNCTIVE RELIEF

22.  Plaintiff incorporates Paragraphs 1 through 13.

23.  Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

24.  The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

25.  Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.  declaring that Defendant's practices violate the FCCPA;

    b.  permanently injoining Defendant from engaging in the violative practices; and

    c.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 13 day of October, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

7

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

8

**09-61627-CIV-ZLOCH/ROSENBAUM**
# CIVIL COVER SHEET

Oct. 13, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF

**I(a) PLAINTIFFS**
John D. Bryant

**DEFENDANTS**
Professional Recovery Services, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

09cv61627-WJZ/RSR

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION:** [X] 3. Federal Question (U.S. Government Not a Party)

**IV. CAUSE OF ACTION**
**IVa.** 1-2 days estimated (for both sides) to try entire case 15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT:** [X] 890 Other Statutory Actions* *A or B

**VI. ORIGIN:** [X] 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT:** CLASS ACTION No    DEMAND $ N/A    JURY DEMAND: [X] YES

DATE: October 13, 2009    SIGNATURE OF ATTORNEY OF RECORD

Receipt No. 547786    Amount: 350

S/F 1-2 REV. 9/94